## Gray Horse Tavern v. United States Fidelity and Guaranty Company

*P. Nelson Alexander*, for plaintiff.
*James W. Evans*, for defendant.

BUCKINGHAM, *J.*, June 10, 1977—Plaintiff operated an establishment which served both food and alcoholic beverages and carried liability insurance with defendant. A patron of plaintiff was stabbed by another customer, and the injured person sued plaintiff on two theories: First, that plaintiff served liquor to an obviously intoxicated person in violation of the Dram Shop Act of April 12, 1951,

P.L. 90, as amended, 47 P.S. §4-497; and, second, that it failed to take reasonable safety measures to safeguard its customers from other unruly customers. Defendant refused to defend plaintiff on this suit, claiming no coverage, and plaintiff was forced to hire private counsel who subsequently won a verdict for plaintiff in the suit and billed plaintiff $1,860 for his services and costs. Plaintiff has sued defendant for this amount. Defendant filed an answer and new matter and plaintiff filed a reply thereto. Defendant then filed a motion for judgment on the pleadings. The motion has no merit and will be dismissed.

Defendant first contends that there was no coverage because the policy covers only a "restaurant" and not an establishment which sells or serves alcoholic beverages. However, a restaurant which serves food is not converted into a nonrestaurant merely because it serves alcoholic beverages as well: Munhall Borough Council Appeal, 175 Pa. Superior Ct. 320, 104 A. 2d 343 (1954). We, therefore, hold that this is not a ground for defendant to deny plaintiff coverage under the policy.

Defendant also argues that it did not have to defend plaintiff in the suit because one of the alleged grounds for liability was the violation of the Dram Shop Act. Plaintiff concedes that if the Dram Shop Act violation were the only basis for liability, defendant would be correct. However, the alternate theory of the suit against plaintiff was that plaintiff was negligent in not providing proper safeguards against unruly patrons, which it had a clear duty to do: Corcoran v. McNeal, 400 Pa. 14, 161 A. 2d 367 (1960). We hold that defendant may not escape coverage under this theory.

Looking at all of the facts and circumstances in this case, we are persuaded that defendant had a

clear duty to defend plaintiff in the suit. Even where the insured's claim of coverage is ambiguous, the insurer must defend if the claim against the insured may *potentially* become one which is within the scope of a liability insurance policy: Cadwallader v. New Amsterdam Casualty Co., 396 Pa. 582, 152 A. 2d 484 (1959).

Accordingly, we hold that, as a matter of law, defendant had a duty under the insurance policy to defend plaintiff in the suit against plaintiff by the injured customer. With this in mind, we feel that we must, as plaintiff requests, enter judgment on the pleadings in favor of plaintiff against defendant, leaving only the question of damages at trial. There is authority for this: 2 Goodrich-Amram 2d, §1034(b)-1. In this respect, having some knowledge of the original suit against plaintiff and its trial counsel's expertise, we feel free to comment that his bill is entirely reasonable.

## ORDER

And now, June 10, 1977, defendant's motion for judgment on the pleadings is overruled and dismissed. Judgment on the pleadings is hereby entered in favor of plaintiff and against defendant, with trial to be held before a board of arbitrators solely on the question of damages. An exception is granted to defendant.