J-A04033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREA SIRES,  ADMINISTRATRIX OF THE ESTATE OF JAMES E. SIRES, JR., DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE DRAWBAR & GRILLE, INC. | |
| Appellee | No. 953 WDA 2013 |

Appeal from the Order entered May 7, 2013
In the Court of Common Pleas of Mercer County
Civil Division at No: CV-2011-3698

BEFORE:  BOWES, WECHT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 20, 2014**

Appellant Andrea Sires, Administratrix of the estate and mother of deceased James E. Sires, appeals the order of the Court of Common Pleas of Mercer County granting Appellee The Drawbar & Grille, Inc.'s preliminary objections.  Upon review, we affirm.

The relevant factual and procedural background of the case is as follows.  On May 11, 2011, at approximately 10 p.m., James E. Sires (Sires) and Ben Lyle Loutzenhiser (Loutzenhiser) entered The Drawback & Grille (Drawbar) together and played pool.  Later, Loutzenhiser began to act "erratically" upon which an employee of Appellee directed him to leave the establishment.  Sires and Loutzenhiser left the premises and got in Loutzenhiser's truck.  Within two miles of the establishment, Loutzenhiser

lost control of the truck and travelled off the right side of the roadway. Sires died in the accident.

Appellant filed a wrongful death and a survival action against Drawbar. Drawbar filed preliminary objections to Appellant's complaint, averring Appellant failed to state a legally sufficient claim against Drawbar. Specifically, Drawbar argued Appellant failed to plead that Drawbar served alcohol to a visibly intoxicated Loutzenhiser.[1] As such, under the Pennsylvania Dram Shop Act, 47 P.S. § 4-497, Drawbar, a Liquor Control Board licensee, was not liable for Appellant's injuries. Section 4-497 provides as follows:

> No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employe[e] when the said customer was visibly intoxicated.

47 P.S. § 4-497.

The trial court agreed with Drawbar,[2] granted the preliminary objections, but permitted Appellant to file an amended complaint. The

_____

[1] Loutzenhiser was later added as an additional defendant. *See* Stipulation of Consent to Joinder of Additional Defendant, 5/9/13, at 1.

[2] In addition, in response to Appellant's allegation that a duty to provide proper safeguards against unruly patrons existed independently of the Dram Shop Act (*i.e.*, general negligence grounds), the trial court noted Appellant provided no authority "for the proposition that a business is somehow a

*(Footnote Continued Next Page)*

amended complaint again contains two causes of actions: a wrongful death action and a survival action, and "both actions contain Count I and II with Counts I under each of the aforesaid actions being based upon averments of general negligence and Count II of both above actions being based on the Dram Shop [Act]." Trial Court Opinion, 7/19/13, at 2 (footnote omitted). The Appellant pled theories of liability in the alternative. Appellant pled general negligence under Count I to each action that did not aver visible intoxication, and at Count II to each action Appellant pled Dram Shop Act liability based upon service of alcohol to Loutzenhiser while visibly intoxicated.[3] In his general negligence counts, Appellant, in sum, alleges Drawbar is liable to Appellant for premises liability in that Drawbar's employee took no reasonable steps to prevent Sires from leaving the bar in Loutzenhiser's vehicle knowing of Loutzenhiser's erratic actions and for not having security in the bar to prevent Loutzenhiser's criminal conduct. Drawbar filed preliminary objections again, "particularly challenging the general negligence counts in Count I of each of the two causes of action." *Id.* According to Drawbar, pursuant to section 4-497, a bar owner is not liable for injuries inflicted by a customer to patrons off the premises, unless

_____
(Footnote Continued)

guarantor of its patrons' safety on the patrons' way back to their homes." Trial Court Opinion, 1/3/13, at 4.

[3] Apparently, as noted by the trial court, Drawbar does not have insurance coverage for Dram Shop Act liability.

the bar owner provided alcohol to said customer while visibly intoxicated. The trial court agreed with Drawbar, granted the preliminary objections again, and struck with prejudice the general negligence counts (Count I of the wrongful death action and Count I of the survival action) because "they [were] barred by [Section 4-497]." Trial Court Order, 5/7/13, at 1.[4] This appeal followed.[5]

Appellant raises the following issue for our review:

> Should an action for premises liability be dismissed at the [p]reliminary [o]bjection stage based upon a [L]iquor [C]ode exemption when the facts are not yet established as to whether or not the person inflicting the harm is even a "customer" and when there are allegations of harm occurring on the licensed premises?

Appellant's Brief at 5.

Our review of the issue is governed by the following standard:

> When reviewing the dismissal of a complaint based upon preliminary objections in the nature of a demurrer, we treat as true all well-pleaded material, factual averments and all inferences fairly deducible therefrom. Where the preliminary objections will result in the dismissal of the action, the objections

_____

[4] With regard to the Dram Shop Act counts (Count II of the wrongful death and Count II of the survival action), the trial court struck with prejudice paragraphs 29(b), 49(b), 29(c), and 49(c) because "plaintiff's counsel conceded at argument court that these paragraphs were not averred as alternative grounds for recovery under the Dram Shop Act." Trial Court Order, 5/7/13, at 1.

[5] Although the order dismissing Appellant's general negligence counts is interlocutory, the order comes to us as a final order from the trial court under Pa. R.A.P. 341(c).

may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred. Any doubt should be resolved by a refusal to sustain the objections. Moreover, we review the trial court's decision for an abuse of discretion or an error of law.

*Lovelace v. Pa. Property & Cas. Ins. Guar. Ass'n*, 874 A.2d 661, 664 (Pa. Super. 2005) (citation omitted).

Appellant posits three arguments in support of the issue presented. First, the reference in 4-497 to "damages" inflicted upon third persons off the licensed premises must refer to "harm", since it is only harm that can occur on the licensed premises that can lead to damages, *i.e.*, compensation. It is Appellant's contention the harm that caused Sires' death was not the roadway accident, but rather Drawbar's actions that occurred on the licensed premises. Second, Section 4-497 does not apply, since Loutzenhiser was not a Drawbar customer. Third, even if section 4-497 is applicable, Drawbar may still be liable under Section 344 of the Restatement (Second) of Torts, since "damages" were inflicted upon Sires while he was on Drawbar's premises. We find that we need not resolve the statutory construction arguments over the civil immunity granted under section 4-497 to affirm the trial court granting preliminary objections to dismiss the general negligence counts of the amended complaint. We arrive at this conclusion because the alternative facts pled in Appellant's general negligence counts do not, in any event, state viable causes of action for

premises liability even if the civil immunity from damages under 4-497 was not applicable here.[6]

Section 344 of the Restatement (Second) of Torts provides:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public **while they are upon the land** for such a purpose, **for physical harm caused** by the accidental, negligent or intentionally harmful acts of third persons and animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise protect them against it.

Restatement (Second) of Torts § 344 (1965) (emphasis added).

For the present purposes, we note that among the necessary criteria for liability to attach under Section 344, are the requirements that a member of the public be on a possessor's land and physical harm be caused by the acts of a third person while the member is on that land. Neither of these elements to a cause of action under Section 344 are pled in the general negligence claims averred by Appellant. The averments of Appellant's amended complaint, which we must accept as true for the present purposes, do not plead that Sires' physical harm occurred while on Drawbar's premises. The amended complaint expressly pleads that Sires' accidental

_____

[6] We do not hold or determine here whether any such immunity applies to the facts of this case.

- 6 -

death occurred while a passenger in Loutzenhiser's vehicle on a public roadway off Drawbar's property. For this reason alone we affirm the trial court's order dismissing Appellant's general negligence claims, as Appellant cannot state a viable cause of action for negligence against Drawbar under section 344. Accordingly, it matters not whether the civil immunity under 4-497 applies here in affirming the trial court's dismissal of the negligence claims to Appellant's amended complaint.

Appellant nonetheless, principally argues this case is similar to **Morgan v. Bucks Associates**, 428 F. Supp. 546 (E.D. Pa. 1977). According to Appellant, in **Morgan** "a [d]efendant was held to be liable for negligence and failing to exercise reasonable care to protect the [p]laintiff, who was assaulted in the parking lot outside the [d]efendant's premises." **Id.** at 14. Appellant however, does not accurately consider the distinguishing facts in **Morgan.** In **Morgan**, the plaintiff sued for injuries she sustained when, after leaving work, she was attacked while walking to her car parked nearby in a parking lot owned by the defendant. The issue in **Morgan** was whether the defendant had taken reasonable steps to provide adequate security in its parking lot. It was not disputed the defendant owned the premises where the attack occurred. Possession of the premises, as stated above, is essential to liability under Section 344. Here, Sires' physical harm did not occur on Drawbar's premises, a fact that readily

distinguishes this case from **_Morgan_** for purposes of imposing liability under Section 344.

Other cases cited by Appellant similarly are distinguishable from the present matter. Both **_Rommel v. Schambacher_**, 11 A. 779 (Pa. 1887), and **_Corcoran v. McNeal_**, 161 A.2d 367 (Pa. 1960), concerned suits where the plaintiffs sued for injuries sustained when they were injured by other bar patrons while on a defendant's premises. **_Gray Horse Tavern v. United States Fidelity and Guarantee Company_**, 5 Pa. D. & C. 3d 5 (Com. Pl. 1977), while not binding on this Court, only determined that an insurer was obligated to provide insurance defense coverage to a plaintiff who was sued by an injured customer for both Dram Shop Act liability and for negligence. The allegations of negligence in **_Gray_** were sufficient to trigger the insurer's duty to provide a defense to plaintiff. Therefore, while the Appellant correctly notes that the law recognizes both Dram Shop liability claims and claims of negligence for failing to provide proper safeguards against unruly patrons, the above cases do not assist in remedying the fatal flaws in Appellant's negligence claims, those being that Appellant's physical harm by a third person did not occur while on Drawbar's premises.

In light of the foregoing, we conclude the trial court did not abuse its discretion or commit an error of law in sustaining Drawback's preliminary objections.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/2014